IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VERONICA B.,[1] §<br>　　　Plaintiff, §<br>§<br>v. §<br>§<br>COMMISSIONER of the SOCIAL §<br>SECURITY ADMINISTRATION, §<br>　　　Defendant. § | Case No. 3:19-cv-1341-S-BT |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). The findings, conclusions, and recommendation of the magistrate judge follow:

I.

On May 8, 2019, Plaintiff, through her counsel, filed an original Complaint for Review of a Social Security Disability or Supplemental Security Income Decision in the Abilene Division of the Northern District of Texas. (ECF No. 1). On June 4, 2019, the Abilene Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and instructed Plaintiff that she was responsible for serving Defendant. Order (ECF No. 6). The Abilene Court further provided Plaintiff specific instructions for perfecting service, beginning with instructions for Plaintiff to complete the "Summons in a Civil

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Case" form for Defendant and to submit the completed form to the clerk of court. *Id.* Because Plaintiff is a resident of Dallas County, Texas, the Abilene Court transferred this action to the Dallas Division of the Northern District of Texas. Order to Transfer (ECF No. 7). Following the transfer, this Court observed that Plaintiff had not served Defendant. Accordingly, on August 6, 2019, the Court entered an Order (ECF No. 9) requiring Plaintiff to serve her Complaint on Defendant by September 6, 2019. The Court admonished Plaintiff that her case would be subject to dismissal if she failed to timely serve Defendant. Order 2 (citing Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders)). To date, the docket does not reflect that Plaintiff served Defendant. Indeed, the docket does not reflect any activity by Plaintiff since she filed her Complaint in the Abilene Division.

II.

Federal Rules of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630 (1962)). Here, Plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) because she failed to comply with the

federal rules and the Court's Order to serve Defendant. *See McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (per curiam) (upholding the dismissal of a social security appeal due to counsel's failure to properly serve Defendant); *Moore v. Sullivan*, 983 F.2d 1062, 1062 (5th Cir. 1993) (per curiam) (holding district court did not abuse its discretion in dismissing social security appeal for failure of service of process); *Rendon v. Colvin*, 2013 WL 12172922, at *1 (N.D. Tex. July 23, 2013), *adopted by* 2013 WL 12172923 (N.D. Tex. Aug. 28, 2013) (dismissing social security appeal for failure to comply with the court's orders directing him to file proof of service of his complaint upon the proper parties to the action).

Plaintiff's case should also be dismissed because she failed to timely serve Defendant after the Court provided her notice of the consequences of such a failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

"If the effect of a dismissal without prejudice prevents or arguably may prevent the plaintiff from again raising the dismissed claims because of the applicability of a statute of limitations, the dismissal may operate as a dismissal with prejudice." *Woods v. Social Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (per curiam) (citing *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996)). Dismissal

3

of a social security appeal pursuant to Fed. R. Civ. P. 4(m) and 41(b) likely operates as a dismissal with prejudice pursuant to 42 U.S.C. § 405(g). *Id.*

> Dismissal of an action with prejudice is permitted only upon a showing of a clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice. Because dismissal is an "extreme sanction," dismissals with prejudice usually involve the presence of one or more of the following aggravating factors: (1) delay attributable directly to the plaintiff, rather than [the] attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct.

*Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013) (per curiam) (internal citations and quotations omitted). There is a clear record of delay in this case justifying dismissal with prejudice. Plaintiff has ignored repeated instructions to serve Defendant, and she has not taken any action to prosecute her appeal since she filed her lawsuit five months ago. It, thus, appears that Plaintiff abandoned her lawsuit, and lesser sanctions are not available under the circumstances.

### III.

For the reasons stated, the magistrate judge recommends this case be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).

**SIGNED** on October 10, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a true copy of these Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within fourteen days after service of the Findings, Conclusions, and Recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to these Findings, Conclusions, and Recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).